OPINION OF THE COURT
Frank Torres, J.
This is a motion to preclude all identification testimony by the complainant of the respondent, pursuant to CPL 710.30 (subd 3).
The respondent first appeared before the Family Court on June 9, 1981 to be arraigned on the charges of grand larceny (Penal Law, § 155.35) (auto), criminal possession (Penal Law, § 165.50) and unauthorized use thereof (Penal Law, § 165.05). Thereafter, on July 22,1981, more than 15 days after arraignment, but before trial, the respondent’s counsel was served with a notice of intention to offer identification testimony pursuant to CPL 710.30. The facts alleged are that the complainant, who had actually seen the respondent take her automobile on May 22, 1981, thereafter identified the respondent to a police officer in the 62nd Precinct on May 29,1981. The Corporation Counsel did not learn of this identification until July 21, 1981, and notice of intent to offer testimony thereof was served on the respondent on July 22, 1981. There is no question that the notice served was not during the prescribed 15 days, and there is no claim of good cause for failure to comply by the Corporation Counsel.
*790 The respondent argues that absent good cause for the failure to serve timely notice, all identification testimony regarding observation of the respondent either at the time or place of the commission of the offense, or upon some other occasion is mandatorily excludable as a sanction for noncompliance with CPL 710.30. The respondent maintains that the police arranged showup of the respondent at the 62nd Precinct seven days after the alleged incident, raises an issue as to the suggestiveness of the identification procedure employed by the police, and that the applicable sanction of preclusion is not just to evidence of the showup, but of all specified identification testimony. There is no claim by respondent that the showup was improper or that prospective identification testimony based on an independent source is tainted by an improper pretrial identification.
The petitioner argues that though evidence of the out-of-court showup identification, and any in-court identification that derives therefrom, should be precluded for failure to serve a timely CPL 710.30 notice, testimony amounting to an in-court identification, product of her observation of the respondent prior to and during the alleged incident, a source independent of the station house showup, should be permitted.
The issue raised by the instant motion is, does failure to comply with the timely notice mandated by CPL 710.30 preclude from submission all identification evidence.
I think not.
This court grants the respondent’s motion of exclusion of testimony with respect to the identification made at the police showup at the 62nd Precinct on the precise ground that timely notice thereof was not provided to the respondent. The court deems the respondent to have benefited by the protection afforded by CPL 710.30, and consistent with the Supplementary Practice Commentary (Bellacosa, McKinney’s Cons Laws of NY, Book 11A, CPL 710.30, p 206, 1980-1981 Pocket Part) the court agrees that the sanction for failure to serve the requisite notice is preclusion from submission of any such evidence.
Absent a showing that the proposed in-court identification is predicated on the identification made at the police *791 showup at the 62nd Precinct, the court deems evidence thereof to be exempt from preclusion by application of CPL 710.30.
The respondent’s motion to preclude complainant’s in-court identification of the respondent based on a source independent of the police showup is denied.